In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00034-CV
_____

IN RE COMMITMENT OF RUBEN MARTINEZ

**On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-04-03521 CV**

**MEMORANDUM OPINION**

The State of Texas filed a petition to commit Ruben Martinez as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2012). A jury found that Martinez is a sexually violent predator, and the trial court rendered a final judgment and an order of civil commitment. On appeal, Martinez challenges the admission of expert testimony and the legal and factual sufficiency of the evidence to support the jury's verdict. We affirm the trial court's judgment and order of civil commitment.

1

In issue one, Martinez argues that testimony from Dr. Michael Arambula was conclusory and, thus, unreliable. In issues two and three, Martinez challenges the legal and factual sufficiency of the evidence. Specifically, Martinez argues that Arambula's testimony was too conclusory and speculative to support the jury's verdict.

The State must prove, beyond a reasonable doubt, that a person is a sexually violent predator. Tex. Health & Safety Code Ann. § 841.062(a) (West 2010). Under a legal sufficiency review, we assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find, beyond a reasonable doubt, the elements required for commitment under the SVP statute. *In re Commitment of Mullens*, 92 S.W.3d 881, 885 (Tex. App.—Beaumont 2002, pet. denied). It is the factfinder's responsibility to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* at 887. Under factual sufficiency review, we weigh the evidence to determine "whether a verdict that is supported by legally sufficient evidence nevertheless reflects a risk of injustice that would compel ordering a new trial." *In re Commitment of Day*, 342 S.W.3d 193, 213 (Tex. App.—Beaumont 2011, pet. denied).

2

A person is a "sexually violent predator" if he is a repeat sexually violent offender and suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. Tex. Health & Safety Code Ann. § 841.003(a) (West 2010). A "behavioral abnormality" is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* at § 841.002(2) (West Supp. 2012). "A condition which affects either emotional capacity or volitional capacity to the extent a person is predisposed to threaten the health and safety of others with acts of sexual violence is an abnormality which causes serious difficulty in behavior control." *In re Commitment of Almaguer*, 117 S.W.3d 500, 506 (Tex. App.—Beaumont 2003, pet. denied). Conclusory or speculative testimony is not relevant evidence because it does not tend to make the existence of a material fact more or less probable. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009). "Bare, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *Id.*

At trial, the State read Martinez's admissions into evidence, including admissions to the commission of a variety of prior offenses, previous convictions for sexual offenses, and involvement in the Mexican Mafia prison gang. Martinez

3

also admitted to being a sex offender and to being arrested for and charged with more sexual offenses than he had been convicted of committing. Martinez testified that he is in control of his thoughts and actions, does not need sex offender treatment, and does not believe that he is likely to commit sexually violent crimes upon release from prison.

Arambula testified that Martinez suffers from a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence. He explained that sexual deviance and antisocial personality lie at the core of Martinez's behavior. He also diagnosed Martinez with alcohol abuse in remission, which he testified can be an aggravating factor. Arambula testified that sexual deviance is a chronic condition and is a "big risk factor for sexual dangerousness[]" and recidivism. He explained that Martinez's sexual deviance included sadistic features, such as physical harm to or humiliation of his victims. Additionally, Arambula explained that antisocial personality disorder cannot be cured on its own, that Martinez had not received any treatment for the disorder, and that when a person is removed from a structured environment, such as prison, and is released into the community, the person has difficulty behaving. Arambula identified numerous risk factors that increase the chance that Martinez will reoffend: nonsexual criminal history, commission of a criminal offense while on probation, physical aggression and

4

humiliation during offenses, denial, stranger victim, number of victims, lack of sex offender treatment, a "patchy" employment history, and lack of healthy relationships with women.

The record demonstrates that Arambula is licensed in his field. He interviewed Martinez and reviewed records regarding Martinez's background, offenses, and incarceration. He relied on the types of records relied on by experts in his field and performed his evaluation in accordance with his training as a professional in his field. Arambula based his opinion on the facts and data gathered from the records he reviewed, his interview with Martinez, and the risk assessment he conducted. He explained in detail the facts and evidence he found relevant in forming his opinion and how those facts played a role in his evaluation. He concluded that Martinez suffers from a behavioral abnormality as defined by the SVP statute. Arambula's testimony is not so conclusory as to be completely lacking in probative value. The trial court did not abuse its discretion by allowing Arambula to testify during trial. *See In re Commitment of Taylor*, No. 09-10-00231-CV, 2010 Tex. App. LEXIS 9505, at \*\*11-13 (Tex. App.—Beaumont Dec. 2, 2010, no pet.) (mem. op.); *see also In re Commitment of Tolleson*, No. 09-08-00338-CV, 2009 Tex. App. LEXIS 3660, at \*\*7-9 (Tex. App.—Beaumont May 28, 2009, no pet.) (mem. op.).

In addition to Arambula's opinion that Martinez has a behavioral abnormality that makes him likely to engage in predatory acts of sexual violence, the jury heard Martinez's admissions and testimony as well as evidence of his risk factors, criminal history, sexual offenses, and diagnoses. The jury could reasonably conclude that Martinez has serious difficulty controlling his behavior and is likely to commit predatory acts of sexual violence directed toward individuals for the primary purpose of victimization. *See Mullens*, 92 S.W.3d at 887; *see also Almaguer*, 117 S.W.3d at 506; *In re Commitment of Burnett*, No. 09-09-00009-CV, 2009 Tex. App. LEXIS 9930, at *13 (Tex. App.—Beaumont Dec. 31, 2009, no pet.) (mem. op.). Such conclusions are implicit in a finding that Martinez suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. *See In re Commitment of Grinstead*, No. 09-07-00412-CV, 2009 Tex. App. LEXIS 228, at *16 (Tex. App.—Beaumont Jan. 15, 2009, no pet.) (mem. op.); *see also In re Commitment of Bailey*, No. 09-09-00353-CV, 2010 Tex. App. LEXIS 6685, at **12-14 (Tex. App.—Beaumont Aug. 19, 2010, no pet.) (mem. op.).

Viewing all the evidence in the light most favorable to the verdict, a rational jury could have found, beyond a reasonable doubt, that Martinez has a behavioral abnormality that predisposes him to commit a predatory act of sexual violence;

therefore, the evidence is legally sufficient. *See Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002); *see also Mullens*, 92 S.W.3d at 885. Weighing all of the evidence, the verdict does not reflect a risk of injustice that would compel ordering a new trial. *See Day*, 342 S.W.3d at 213. We overrule issues one, two, and three and affirm the trial court's judgment and order of civil commitment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 26, 2013
Opinion Delivered July 11, 2013
Before McKeithen, C.J., Kreger and Horton, JJ.